# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM SERVICES, LLC., a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PATRICIA CAPUTO, an Individual,

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED** |
| 8/10/2023 |
| Kern County Superior Court |
| By Marina Mercado, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of Kern, 1415 Truxtun Avenue, Bakersfield, California 93301
1215   MM

**CASE NUMBER:**
*(Número del Caso)* BCV-23-102574

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ronald L. Zambrano, 1147 South Hope Street, Los Angeles, California 90015, (213) 927-3700

DATE: 8/10/2023          TAMARAH HARBER-PICKENS          Clerk, by _____, Deputy
*(Fecha)*                                                 *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **AMAZON.COM SERVICES, LLC., a Delaware Limited Liability Company**

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Neama Rahmani (State Bar No. 223819)
  *efilings@westcoasttriallawyers.com*
Ronald L. Zambrano (State Bar No. 255613)
  *ron@westcoasttriallawyers.com*
Nicholas A. Yasman (State Bar No. 325488)
  *nick@westcoasttriallawyers.com*
WEST COAST EMPLOYMENT LAWYERS, APLC
1147 South Hope Street
Los Angeles, California 90015
Telephone: (213) 927-3700
Facsimile: (213) 927-3701

Attorneys for Plaintiff,
PATRICIA CAPUTO

**ELECTRONICALLY FILED**
**8/7/2023 10:15 AM**
**Kern County Superior Court**
**By Marina Mercado, Deputy**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF KERN

PATRICIA CAPUTO, an Individual,

Plaintiff,

v.

AMAZON.COM SERVICES, LLC., a Delaware
Limited Liability Company; and DOES 1
through 10, inclusive,

Defendants.

Case No.:  BCV-23-102574

**COMPLAINT FOR DAMAGES**

1) FEHA DISABILITY DISCRIMINATION;

2) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS;

3) FEHA FAILURE TO ACCOMMODATE; AND

4) FEHA RETALIATION.

**DEMAND FOR JURY TRIAL**

//

//

//

//

1

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PATRICIA CAPUTO, (hereinafter referred to as, "Plaintiff" or "CAPUTO"), an individual, in his complaint against Defendant, AMAZON.COM SERVICES, LLC (hereinafter referred to as, "Defendant" or "AMAZON") respectfully alleges, avers, and complains, as follows:

## INTRODUCTION

1. This is an action brought by the Plaintiff, CAPUTO, pursuant to California statutory, decision, and regulatory laws. Plaintiff was an employee of Defendant, AMAZON, at all times herein mentioned.

2. Plaintiff alleges that California statutory, decisional, and regulatory laws prohibit the conduct by Defendant herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendant violated such statutes, decisional law, and regulations.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this court by virtue of the California statutes, decisional law, and regulations, and the local rules under the Kern County Superior Court Rules.

4. Venue in this Court is proper in that Defendant AMAZON has a principal business address located in the City of Bakersfield, County of Kern, State of California.

## PARTIES

5. Plaintiff CAPUTO is, and at all relevant times mentioned herein was, an individual residing in the County of Kern, within the state of California.

//
//

6.   Defendant AMAZON is and all times herein mentioned has been a Delaware Limited Liability Company registered with the State of California, with the capacity to sue and to be sued, and doing business with a principal place of business located at 1601 Petrol Rd. Bakersfield, CA 93308.

7.   Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendants and were at all times herein acting within and outside the scope and purpose of said agency and employment. Plaintiff further alleges that as to each Defendant, whether named or referred to as a fictitious name, said Defendants supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of each remaining Defendant.

8.   The true names and capacities of the Defendants named herein as Does 1 through 10, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

## FACTUAL ALLEGATIONS

9.   On or around October 21, 2021, Plaintiff CAPUTO was hired as a Ship Dock for Defendant AMAZON. Specifically, Plaintiff's duties included removing boxes from conveyor belts, moving pallets, helping stock merchandise, printing labels, and scanning packages.

10.  On or around December 6, 2022, Plaintiff was advised by her doctor that she needed an emergency colonoscopy and a short medical leave from work in order to recovery from the procedure. Plaintiff requested four (4) days off of work per her doctor's prescribed length of leave,

COMPLAINT AND DEMAND FOR JURY TRIAL

1   making Plaintiff CAPUTO's initial expected return date on or around December 11, 2022.

2

3   11. On or around December 8, 2022, shortly after Plaintiff's procedure was complete, her doctor

4       extended Plaintiff CAPUTO's medical leave through December 13, 2022. Plaintiff immediately

5       contacted Defendant's Employee Resource Center ("ERC") on December 8, 2022, and spoke with

6       Representative Annie Garnita (hereinafter referred to as "GARNITA") on the phone and informed

7       her of her medical leave. GARNITA informed Plaintiff that her medical leave extension had been

8       approved.

9

10  12. GARNITA informed Plaintiff that the deadline for Plaintiff to send in her medical notes was on

11      or around December 19, 2022. Plaintiff intended to send her medical notes to Defendant before

12      the deadline.

13

14  13. On or around December 9, 2022, Defendant called Plaintiff CAPUTO and informed her that her

15      employment with Defendant AMAZON was terminated.  Plaintiff was not given a reason for her

16      termination. Later that same day, Plaintiff received a direct deposit for her final paycheck from

17      Defendant AMAZON.

18

19  14. Plaintiff has timely filed a Complaint of Discrimination with the Department of Fair Employment

20      and Housing and obtained a Right to Sue letter dated July 10, 2023. As such, Plaintiff has

21      exhausted her administrative remedies to pursue claims under the Fair Employment and Housing

22      Act ("FEHA").

23  //

24  //

25  //

26  //

27  //

28  //

4

COMPLAINT AND DEMAND FOR JURY TRIAL

### FIRST CAUSE OF ACTION

### FEHA Discrimination

### (Plaintiff Against All Defendants)

15. Plaintiff incorporates all paragraphs above as though fully set forth herein.

16. Defendant AMAZON is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including FEHA. At all times herein mentioned in this complaint, Government Code §§ 12940 and 12926.1 were in full force and effect, binding on Defendant, and Defendant was subject to its terms.

17. Plaintiff is, and all times herein was, an "employee" who suffers from a "disability" as defined by Government Code §§ 12926, et seq. and 129401, et seq. and California Code of Regulations, Title 2, which limits one or more major life activities.

18. Plaintiff timely filed a complaint of discrimination with the Department of Fair Employment and Housing alleging inter alia violations of Government Code § 12940, including, but not limited to § 12940(a), (m), and (n), and all other applicable provisions, fully exhausting Plaintiff's administrative remedies, and has been issued as Right to Sue Letter, conferring jurisdiction on this court over these claims.

19. On or around October 21, 2021, Plaintiff CAPUTO was hired as a Ship Dock for Defendant AMAZON. Specifically, Plaintiff's duties included removing boxes from conveyor belts, moving pallets, helping stock merchandise, printing labels, and scanning packages.

20. On or around December 6, 2022, Plaintiff was advised by her doctor that she needed an emergency colonoscopy and a short medical leave from work in order to recovery from the

COMPLAINT AND DEMAND FOR JURY TRIAL

procedure. Plaintiff requested four (4) days off of work per her doctor's prescribed length of leave, making Plaintiff CAPUTO's initial expected return date on or around December 11, 2022.

21. On or around December 8, 2022, shortly after Plaintiff's procedure was complete, her doctor extended Plaintiff CAPUTO's medical leave through December 13, 2022. Plaintiff immediately contacted Defendant's Employee Resource Center ("ERC") on December 8, 2022, and spoke with Representative Annie Garnita (hereinafter referred to as "GARNITA") on the phone and informed her of her medical leave. GARNITA informed Plaintiff that her medical leave extension had been approved.

22. GARNITA informed Plaintiff that the deadline for Plaintiff to send in her medical notes was on or around December 19, 2022. Plaintiff intended to send her medical notes to Defendant before the deadline.

23. On or around December 9, 2022, Defendant called Plaintiff CAPUTO and informed her that her employment with Defendant AMAZON was terminated. Plaintiff was not given a reason for her termination. Later that same day, Plaintiff received a direct deposit for her final paycheck from Defendant AMAZON.

24. Plaintiff CAPUTO is informed and believes, and thereon alleges, that her termination was because of her physical disability and for seeking the reasonable accommodation of taking medically recommended days-off of work.

25. As a direct and legal result of Defendant's conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including, but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorney's fees, all to her damage in an amount according to proof.

1    26. Said actions justify the imposition if punitive damages in that Defendant committed the acts

2    alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring

3    Plaintiff, for an improper and evil motive amount to malice, and in conscious disregard of

4    Plaintiff's rights. Based on the foregoing, Plaintiff is entitled to recover punitive damages from

5    Defendants, and each of them, in an amount according to proof.

6

7                          **SECOND CAUSE OF ACTION**

8                    **Failure to Accommodate in Violation of FEHA**

9                       **(Plaintiff Against All Defendants)**

10

11   27. Plaintiff incorporates all paragraphs above as though fully set forth herein.

12

13   28. Plaintiff, at all relevant times herein, suffered from a FEHA protected disability.

14

15   29. Defendant was aware of Plaintiff's disability, set forth above, because Plaintiff informed

16   Defendant of his disability and provided medical notes to Defendant.

17

18   30. Defendants have an affirmative duty under FEHA to reasonably accommodate disabled workers.

19   Such duty arises regardless of whether the employee requested any accommodation.

20

21   31. On or around October 21, 2021, Plaintiff CAPUTO was hired as a Ship Dock for Defendant

22   AMAZON. Specifically, Plaintiff's duties included removing boxes from conveyor belts, moving

23   pallets, helping stock merchandise, printing labels, and scanning packages.

24

25   32. On or around December 6, 2022, Plaintiff was advised by her doctor that she needed an

26   emergency colonoscopy and a short medical leave from work in order to recovery from the

27   procedure. Plaintiff requested four (4) days off of work per her doctor's prescribed length of leave,

28   making Plaintiff CAPUTO's initial expected return date on or around December 11, 2022.

7

33. On or around December 8, 2022, shortly after Plaintiff's procedure was complete, her doctor extended Plaintiff CAPUTO's medical leave through December 13, 2022. Plaintiff immediately contacted Defendant's Employee Resource Center ("ERC") on December 8, 2022, and spoke with Representative Annie Garnita (hereinafter referred to as "GARNITA") on the phone and informed her of her medical leave. GARNITA informed Plaintiff that her medical leave extension had been approved.

34. GARNITA informed Plaintiff that the deadline for Plaintiff to send in her medical notes was on or around December 19, 2022. Plaintiff intended to send her medical notes to Defendant before the deadline.

35. On or around December 9, 2022, Defendant called Plaintiff CAPUTO and informed her that her employment with Defendant AMAZON was terminated. Plaintiff was not given a reason for her termination. Later that same day, Plaintiff received a direct deposit for her final paycheck from Defendant AMAZON.

36. Defendant did not reasonably accommodate Plaintiff, who simply requested time-off for a surgical procedure and recovery time. Instead, Defendant decided to terminate Plaintiff, despite being notified of Plaintiff CAPUTO's disability.

37. As a direct and legal result of Defendant's conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including, but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorney's fees, all to her damage in an amount according to proof.

38. Said actions justify the imposition if punitive damages in that Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring

8

1    Plaintiff, for an improper and evil motive amount to malice, and in conscious disregard of

2    Plaintiff's rights. Based on the foregoing, Plaintiff is entitled to recover punitive damages from

3    Defendants, and each of them, in an amount according to proof.

4

5                              **THIRD CAUSE OF ACTION**

6                     **Failure to Engage in the Interactive Process**

7                          **(Plaintiff Against All Defendants)**

8

9    39.  Plaintiff incorporates all paragraphs above as though fully set forth herein.

10

11   40.  Plaintiff, at all relevant times herein, suffers from a FEHA protected disability.

12

13   41.  Defendant was aware of Plaintiff's disability, set forth in detail above, because Plaintiff informed

14        Defendant and provided Defendant medical notes.

15

16   42.  Pursuant to California Government Code § 12940(n), Defendant must engage in a timely, good

17        faith interactive process. Defendant did not engage in a timely, good faith process with Plaintiff

18        to find an accommodation for Plaintiff's disability.

19

20   43.  Plaintiff did not cause the breakdown of the interactive process with Defendant. Rather,

21        Defendant caused the breakdown in the interactive process with Plaintiff when they refused to

22        provide Plaintiff with accommodations. Instead of accommodating Plaintiff's work status,

23        Defendant terminated Plaintiff.

24

25   44.  On or around October 21, 2021, Plaintiff CAPUTO was hired as a Ship Dock for Defendant

26        AMAZON. Specifically, Plaintiff's duties included removing boxes from conveyor belts, moving

27        pallets, helping stock merchandise, printing labels, and scanning packages.

28   //

45. On or around December 6, 2022, Plaintiff was advised by her doctor that she needed an emergency colonoscopy and a short medical leave from work in order to recovery from the procedure. Plaintiff requested four (4) days off of work per her doctor's prescribed length of leave, making Plaintiff CAPUTO's initial expected return date on or around December 11, 2022.

46. On or around December 8, 2022, shortly after Plaintiff's procedure was complete, her doctor extended Plaintiff CAPUTO's medical leave through December 13, 2022. Plaintiff immediately contacted Defendant's Employee Resource Center ("ERC") on December 8, 2022, and spoke with Representative Annie Garnita (hereinafter referred to as "GARNITA") on the phone and informed her of her medical leave. GARNITA informed Plaintiff that her medical leave extension had been approved.

47. GARNITA informed Plaintiff that the deadline for Plaintiff to send in her medical notes was on or around December 19, 2022. Plaintiff intended to send her medical notes to Defendant before the deadline.

48. On or around December 9, 2022, Defendant called Plaintiff CAPUTO and informed her that her employment with Defendant AMAZON was terminated. Plaintiff was not given a reason for her termination. Later that same day, Plaintiff received a direct deposit for her final paycheck from Defendant AMAZON.

49. At no point during Plaintiff's extended medical leave from approximately December 6-13, 2022, did Defendant attempt to reach out to Plaintiff to engage in discussions surrounding a reasonable accommodation.

50. By terminating Plaintiff, Defendants failed to engage in the timely, good faith interactive process; thus violating California Government Code § 12940(n).

//

10

COMPLAINT AND DEMAND FOR JURY TRIAL

51. As a direct and legal result of Defendant's conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damages in an amount according to proof.

52. As a further legal result of Defendant's conduct, Plaintiff has been harmed in that he has suffered the intangible loss of such employment-related opportunities as experience and status in the positions previously held by him, those she would have held, all to her damage in an amount according to proof.

53. Said actions justify the imposition of punitive damages in that Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiffs, from an improper and evil motive amount to malice, and in conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendant, and each of them, in an amount according to proof.

## FOURTH CAUSE OF ACTION

### FEHA Retaliation

### (Plaintiff Against All Defendants)

54. Plaintiff incorporates all paragraphs above as though fully set forth herein.

55. At all times herein mentioned in this complaint, Government Code § 12940(a) was in full force and effect and binding on Defendant and Defendant was subject to its terms. Defendant AMAZON wrongfully terminated Plaintiff CAPUTO.

//

//

11

56. In retaliation, Defendant subjected Plaintiff CAPUTO to an adverse employment action by wrongfully terminating Plaintiff. Specifically, Defendant terminated Plaintiff for requesting time-off for her medical leave.

Said retaliation was in violation of public policy because the sole and actual reason for Defendant's adverse employment action against Plaintiff was because Plaintiff engaged in a protected activity under FEHA.

57. On or around October 21, 2021, Plaintiff CAPUTO was hired as a Ship Dock for Defendant AMAZON. Specifically, Plaintiff's duties included removing boxes from conveyor belts, moving pallets, helping stock merchandise, printing labels, and scanning packages.

58. On or around December 6, 2022, Plaintiff was advised by her doctor that she needed an emergency colonoscopy and a short medical leave from work in order to recovery from the procedure. Plaintiff requested four (4) days off of work per her doctor's prescribed length of leave, making Plaintiff CAPUTO's initial expected return date on or around December 11, 2022.

59. On or around December 8, 2022, shortly after Plaintiff's procedure was complete, her doctor extended Plaintiff CAPUTO's medical leave through December 13, 2022. Plaintiff immediately contacted Defendant's Employee Resource Center ("ERC") on December 8, 2022, and spoke with Representative Annie Garnita (hereinafter referred to as "GARNITA") on the phone and informed her of her medical leave. GARNITA informed Plaintiff that her medical leave extension had been approved.

60. GARNITA informed Plaintiff that the deadline for Plaintiff to send in her medical notes was on or around December 19, 2022. Plaintiff intended to send her medical notes to Defendant before the deadline.

//

12

61. On or around December 9, 2022, Defendant called Plaintiff CAPUTO and informed her that her employment with Defendant AMAZON was terminated. Plaintiff was not given a reason for her termination. Later that same day, Plaintiff received a direct deposit for her final paycheck from Defendant AMAZON.

62. Plaintiff CAPUTO is informed and believes, and thereon alleges, that her termination was because of her physical disability and for seeking the reasonable accommodation of taking medically recommended days-off of work.

63. Thus, Defendant's conduct violates various statutes and state law decisions, including California Government Code § 12940.

64. As a direct and legal result of Defendants' discrimination and retaliatory actions against Plaintiff for her requested medical leave, Plaintiff has suffered and continues to suffer general, consequential, and special damages including but not limited to substantial losses in earning, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorney's fees, all to their damages in an amount according to proof.

65. Said actions justify the imposition of punitive damages in that Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiffs, from an improper and evil motive amount to malice, and in conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendant, and each of them, in an amount according to proof.

//
//
//
//

13

1

**PRAYER**

2

3  1.  For damages according to proof, including unpaid wages;

4

5  2.  For interest on the amount, and other employee benefits at the prevailing legal rate;

6

7      For general unpaid wages at overtime wage rates and such general and special damages as may

8      be appropriate;

9

10 3.  For statutory penalties pursuant to California Labor Code § 226(e);

11

12 4.  For statutory wage penalties pursuant to California Labor Code §§ 1770-1773;

13

14 5.  For restitution of unpaid wages to Plaintiff and prejudgment interest from the day such amount

15     were due and payable;

16

17 6.  For reasonable attorney's fees and costs of suit incurred herein pursuant to California Code of

18     Civil Procedure § 1021.5;

19

20 7.  For injunctive relief pursuant to California Business & Professions Code § 17200, et seq.;

21

22 8.  For civil penalties pursuant to California Labor Code § 2699(a) and/or 2699(f) and (g) in the

23     amount of at least one hundred dollars ($100) for each violation per pay period for the initial

24     violation and two hundred ($200) for each aggrieved employee per pay period for each subsequent

25     violation, plus costs and attorneys' fees for violation of California Labor Code §§ 201, 202, 203,

26     204, 226 (a), 510, 1194, 1197, 1198, and 1770-1773 et seq., Wage Orders and 8 CCR § 3364;

27 //

28 //

COMPLAINT AND DEMAND FOR JURY TRIAL

9.  For costs incurred by Plaintiff, including reasonable attorney's fees and costs of suit, in obtaining the benefits due Plaintiff and for violations of Plaintiff's civil rights as set or above; and pursuant to the Labor Code §§ 218.5, 218.6, 226(e), 1194(a), 2699; and California Code of Civil Procedure § 1021.5; and

10. For such other and further relief as the court deems just and proper.


Dated:  August 7, 2023                              WEST COAST EMPLOYMENT LAWYERS, APLC


                                        By: _____
                                            Ronald L. Zambrano, Esq.
                                            Nicholas A. Yasman, Esq.
                                            Attorney for Plaintiff,
                                            PATRICIA CAPUTO


## DEMAND FOR JURY TRIAL


Plaintiff hereby demands trial by jury.


Dated:  August 7, 2023                              WEST COAST EMPLOYMENT LAWYERS, APLC


                                        By: _____
                                            Ronald L. Zambrano, Esq.
                                            Nicholas A. Yasman, Esq.
                                            Attorney for Plaintiff,
                                            PATRICIA CAPUTO

COMPLAINT AND DEMAND FOR JURY TRIAL

FOR COURT USE ONLY



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
**BAKERSFIELD COURT**
**1215 TRUXTUN AVENUE**
**BAKERSFIELD CA 93301**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

AUGUST 10, 2023
BY *Marina Mercado* DEPUTY

| | |
|---|---|
| **PLAINTIFF/PETITIONER:**<br>  PATRICIA  CAPUTO<br>**DEFENDANT/RESPONDENT:**<br>  AMAZON.COM SERVICES, LLC., A DELAWARE LIMITED<br>  LIABILITY COMPANY | |
| **NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND**<br>**NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br><br>BCV-23-102574 |

By order of the presiding judge, the above entitled case is assigned to the Honorable David Zulfa for all purposes.  It will be managed on the direct calendar program in Bakersfield Division J until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6.  Please include the initials **DRZ** after the case number on all future pleadings filed in this case.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **November 27, 2023** in **Bakersfield Division J** at **8:30 AM** to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110.  All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable David Zulfa on **February 06, 2024**
at **08:30 AM** in **Bakersfield Division J**.  Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730.  All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

<b>NOTICE TO PLAINTIFF'S COUNSEL</b>

**IMPORTANT**:  You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form ( California Rules of Court, Rule 3.221).

<b>NOTICE TO CROSS COMPLAINANT'S COUNSEL</b>

**IMPORTANT**:  If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.

**TAMARAH HARBER-PICKENS**
CLERK OF THE SUPERIOR COURT

Date:  August 10, 2023

Signed: 8/10/2023 4:38:59 PM

By:  _____

Marina Mercado, Deputy Clerk

CAPUTO VS AMAZON.COM SERVICES, LLC., A DELAWARE LIMITED LIABILITY COMPANY
BCV-23-102574

The Clerk of the Superior Court's office has received a civil complaint from you for filing. Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable David Zulfa as monitoring judge.

Judge David Zulfa has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Division J. This will involve all cases in which the clerk has assigned the initials DRZ to the complaint at the time of filing. Counsel is expected to make the initials of the monitoring judge a part of the case number on all pleadings and papers.

Law & Motion and Ex-Parte hearing dates must be pre-cleared by contacting the Direct Calendaring Clerk at 661-610-6460. Tentative rulings can be located by visiting "http://www.kern.courts.ca.gov/", after 4:00 pm. Click on the Non-Criminal Case Information link to enter the case number. Please note, not all departments provide tentative rulings.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint. This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named. The notice must also be served on interveners and lien claimants.

Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT. Proper procedures must be complied with under California Rules of Court, Rule 3.670. Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.

Another judge will hear settlement conferences in cases assigned to Judge David Zulfa. However, those cases that do not settle will be set for trial before him/her.

CAPUTO VS AMAZON.COM SERVICES, LLC., A DELAWARE LIMITED LIABILITY COMPANY
BCV-23-102574

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
**SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES**

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference statement providing the Court with the following information:

1. The "at-issue" status of the case including any new parties that may be contemplated;
2. A brief statement of the type of case and the general facts or contentions;
3. A description of the discovery done to date and that contemplated to be done;
4. Estimated time for trial and whether a jury is demanded;
5. Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6. An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7. If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8. A statement of any settlement negotiations undertaken thus far;
9. The name of the attorney primary responsible for the case on behalf of the party filing the statement.

More than one party may join in the filing of a single statement.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case. The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1. The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2. Discovery conducted and remaining to be done;
3. Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4. Delineation of issues including stipulation of facts not in substantial controversy;
5. Settlement prospects;
6. Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7. Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

CAPUTO VS AMAZON.COM SERVICES, LLC., A DELAWARE LIMITED LIABILITY COMPANY

BCV-23-102574

### CERTIFICATE OF POSTING

The undersigned, of said Kern County, certify: That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the ***Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference*** attached hereto on all interested parties and any respective counsel of record in the within action by posting true copies thereof, to the Superior Court of California, County of Kern, Non-Criminal Case Information Portal (https://www.kern.courts.ca.gov).

Date of Posting:        August 10, 2023

Place of Posting:       Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**TAMARAH HARBER-PICKENS**
CLERK OF THE SUPERIOR COURT

Date:  August 10, 2023

Signed: 8/10/2023 4:39:00 PM

By:        _____
          Marina Mercado, Deputy Clerk

Certificate of Posting - Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page **4** of **4**