UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA CAPUTO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMAZON.COM SERVICES LLC, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:24-cv-01346-KES-CDB<br><br>ORDER ON SECOND STIPULATED REQUEST TO AMEND *NUNC PRO TUNC* SCHEDULING ORDER<br><br>(Doc. 41) |

**Relevant Background**

The original scheduling order in this case entered on December 7, 2023. (Doc. 11). Following Plaintiff's filing of a first amended complaint that, among other things, added a defendant (Sedgwick Claims Management Services, Inc.), at the Court's direction, on May 31, 2024, the parties filed an amended scheduling report. (Docs. 20, 33). At the parties' joint request, on June 5, 2024, the Court entered the first amended scheduling order that extended all discovery, pretrial motion and trial dates by approximately six months to accommodate continued discovery and litigation in light of the addition of Defendant Sedgwick. (Doc. 34). Among other things, the amended scheduling order set the following deadlines: initial expert disclosures (December 18, 2024); supplemental expert disclosures (January 15, 2025); expert discovery (February 15, 2025). *Id.* at 2.

In advance of the mid-discovery status conference, on October 29, 2024, the parties filed a

joint mid-discovery status report in which they represented an intention to engage in expert discovery. (Doc. 37). Although previously directed by the Court to identify in the mid-discovery status report any impediments the parties anticipated to completing discovery within the operative deadlines, no party reported to the Court any such obstacles. (Doc. 11); *see* (Doc. 34 at 2) ("All other provisions of the scheduling order (Doc. 11) not otherwise inconsistent with the modified case management dates entered [in the amended scheduling order] remain in full force and effect.").

**Parties' Stipulated Request to Amend Scheduling Order**

Following the Court's denial of the parties' earlier stipulated request to amend the scheduling order (filed January 28, 2025), pending before the Court is the parties' renewed stipulated request to extend expert discovery and motion deadlines, filed February 6, 2025. (Doc. 41). The parties represent that good cause exists for the requested extensions given that they have engaged in extensive discovery, including written discovery and the taking of depositions. (Doc. 41-1, Declaration of Daniela A. Archila ("Archila Decl.")). The parties represent they are scheduled to explore resolution of claims during an upcoming February 18, 2025, mediation and that granting the requested extensions of the existing expert discovery and motion filing deadlines would allow them to reduce potentially unnecessary costs prior to mediation and increase prospects of resolution that might otherwise be challenged by expending additional costs on expert discovery efforts. (*Id.* ¶ 3). The parties agree that an extension will also provide sufficient opportunity to complete necessary discovery and trial preparation. (*Id.* ¶ 4).

Inexplicably, the parties incorrectly represent that the existing deadline to exchange initial expert witness disclosures was January 31, 2025, and that the deadline to exchange rebuttal expert witness disclosures is March 3, 2025. (Doc. 41 at 2); *cf.* (Doc. 34 at 2).

**Standard of Law**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v.*

*Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." (*Id.*) (quotation and citation omitted).  Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders...

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. (*Id.*).  If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

Moreover, in the Eastern District of California, "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." E.D. Cal. Local Rule 144(d).  Instead, this Court's local rules require counsel to "seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon *as the need for an extension becomes apparent*." (*Id.*) (emphasis added).

**Discussion**

Here, the parties filed their stipulated request to continue expert discovery deadlines almost six full weeks after the deadline to make initial expert witness disclosures already had expired, and almost two full weeks after the expiration of the deadline to exchange rebuttal expert witness disclosures.  Thus, despite the parties' representations that good cause exists to grant their request, in fact, the parties significantly delayed until after the relevant deadlines they seek to extend had long passed. "This … is the antithesis of diligence" that parties must demonstrate to warrant

extending discovery deadlines. *Molesky for J.M. v. Carrillo*, No. 1-22-cv-01567-NODJ-CDB, 2024 WL 266041, at *3 (E.D. Cal. Jan. 24, 2024) (quoting *Jerpe v. Aerospatiale*, Case No. CIV. S-03-555 LKK/DAD, 2007 WL 781977, at *2 (E.D. Cal. Mar. 13, 2007)). If, as it appears, the parties did not in fact exchange initial and rebuttal expert witness disclosures before the since-expired deadlines, it unquestionably was "apparent" to counsel long before the parties filed their instant request to continue expert discovery deadlines that an extension was "necessary." *See* E.D. Cal. Local Rule 144(d).

The Court acknowledges the parties' interest in conserving resources while they attempt to mediate their disputes and commends them for their ongoing settlement efforts. But this shared equity does not relieve a party of its duty to diligently pursue and complete the undertaking of discovery before the operative case management deadlines expire. Under the circumstances, the Court finds good cause exists to permit the parties time to complete their scheduled mediation and for a brief extension of time for the filing and hearing of any non-dispositive motions filed thereafter. However, the undersigned reiterates for the parties the Court's earlier admonition that the case management dates "are considered to be firm and will not be modified absent a showing of good cause." (Doc. 11 at 7). Given the lack of good cause proffered by the parties in support of the instant stipulated request, no extensions aside from those granted herein are warranted.

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

For the reasons set forth above, and good cause appearing, it is HEREBY ORDERED that the amended scheduling order (Doc. 34) is further amended as follows:

| | |
|---|---|
| **Parties' scheduled mediation** | **February 18, 2025** |
| **Non-dispositive motion filing (CDB)** | **March 12, 2025** |
| **Non-dispositive motion hearing (CDB)** | **April 17, 2025, at 10:30 AM** |

All other case management dates and provisions of the previous scheduling orders (Docs. 11, 34) remain unchanged and in full force and effect.

IT IS SO ORDERED.

Dated:   **February 7, 2025**

UNITED STATES MAGISTRATE JUDGE

5