UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA CAPUTO,<br><br>        Plaintiff,<br><br>    v.<br><br>AMAZON.COM SERVICES LLC, *et al.*,<br><br>        Defendants. | Case No. 1:23-cv-01346-KES-CDB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESSES PURSUANT TO RULES 26 AND 37, FED. R. CIV. P.<br><br>ORDER DENYING DEFENDANT'S REQUEST TO CONTINUE TRIAL DATES<br><br>(Doc. 49) |

Before the Court is the motion of Defendant Amazon.com Services, LLC, pursuant to Rules 26(a)(2) and 37 of the Federal Rules of Civil Procedure, to exclude Plaintiff Patricia Caputo from presenting expert testimony from her noticed retained and non-retained expert witnesses, filed February 28, 2025. (Docs. 49, 50). Plaintiff filed an opposition on March 12, 2025. (Doc. 56). Defendant did not file a reply. The Court deemed Defendant's motion suitable for resolution without hearing and oral argument. (Doc. 51); *see* Local Rule 230(g).

**Background**

    **A.**    **Procedural Posture**

On August 7, 2023, Plaintiff Patricia Caputo commenced this action in the Superior Court of the State of California, County of Kern. (Doc. 1). Defendant Amazon.com Services, LLC, removed the case to this Court on September 11, 2023. In her complaint, Plaintiff raises

1

the following claims against Defendant Amazon.com Services, LLC: (1) Disability Discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to Engage in Good Faith Interactive Process in violation of FEHA; (3) Failure to Provide Reasonable Accommodation in violation of FEHA; and (4) Retaliation in violation of FEHA.

Following a scheduling conference, on December 7, 2023, the Court entered the operative scheduling order. (Doc. 11). Plaintiff filed a first amended complaint on April 16, 2024, adding Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick"). (Doc. 20). Following service on Sedgwick and the Defendants' filing of answers to Plaintiff's first amended complaint (Docs. 29, 32), on May 31, 2024, the parties filed an amended scheduling report proposing an approximate six-month continuance of all case management dates given the recent addition to the action of Sedgwick. (Doc. 33). At the parties' joint request, on June 5, 2024, the Court entered the first amended scheduling order that extended all discovery, pretrial motion and trial dates by approximately six months to accommodate continued discovery and litigation in light of the addition of Defendant Sedgwick. (Doc. 34). Among other things, the amended scheduling order set the following deadlines: initial expert disclosures (December 18, 2024); supplemental expert disclosures (January 15, 2025); expert discovery (February 15, 2025). *Id.* at 2. The pretrial conference and trial were set on dates consistent with the parties' request (*e.g.*, July 21, 2025, and September 16, 2025). *Id.*

In advance of the mid-discovery status conference, on October 29, 2024, the parties filed a joint mid-discovery status report in which they represented an intention to engage in expert discovery. (Doc. 37). Although previously directed by the Court to identify in the mid-discovery status report any impediments the parties anticipated to completing discovery within the operative deadlines, no party reported to the Court any such obstacles. (Doc. 11); *see* (Doc. 34 at 2) ("All other provisions of the scheduling order (Doc. 11) not otherwise inconsistent with the modified case management dates entered [in the amended scheduling order] remain in full force and effect.").

After the deadlines to exchange initial and expert witness disclosures had passed, the parties requested that the Court extend the expert discovery deadlines *nunc pro tunc*. (Docs. 39,

41). The Court denied the parties' request for failing to demonstrate due diligence and good cause. (Doc. 42).

### B. Plaintiff's Expert Witness Disclosures

On December 18, 2024, Plaintiff transmitted to Defendants her initial expert witness disclosures pursuant to Rule 26(a)(2). (Doc. 49-2, Declaration of Jaya B. Narang ["Narang Decl."] ¶¶ 2-3 & Ex. 1 (Doc. 49-3)). In her disclosures, Plaintiff identified retained expert Dr. Jacqueline Nolan; however, Plaintiff expressly declined to provide in her disclosure information required under Rule 26(a)(2)(B), noting that Dr. Nolan had not yet been retained. *Id*. Thus, for instance, Plaintiff did not disclose any facts relied upon or opinions rendered by Dr. Nolan, stating in the disclosure that Dr. Nolan had "yet to prepare or maintain any documents." *Id.* Similarly, Plaintiff expressly declined to include in the expert witness disclosure Dr. Nolan's qualifications, publications, prior testimony, or terms of compensation, noting that such information would be produced "[i]f this expert is retained." *Id.*

Plaintiff's initial expert witness disclosure pursuant to Rule 26(a)(2) also identified eight non-retained expert witnesses, all of whom are doctors or other medical providers that treated Plaintiff for her injuries. *Id.* In general, Plaintiff stated in the disclosure for each witness that the subject matter of the witness's anticipated testimony was the witness's treatment of Plaintiff "regarding the extent" of Plaintiff's injuries. *Id*.

**Governing Legal Standard**

Federal Rule of Civil Procedure 26 provides in relevant part that "[i]n addition to the [initial] disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any [expert] witness it may use at trial." Fed. R. Civ. P. 26(a)(2)(A); *see Gorrell v. Sneath*, No. 1:12-cv-0554-JLT, 2013 WL 4517902, at *1 (E.D. Cal. Aug. 26, 2013). Parties are required to make these expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "A party must disclose the identity of any expert witnesses, whether retained or non-retained, expected to testify at trial." *Gorrell,* 2013 WL 4517902, at *1. In connection with retained expert witnesses, the disclosing party must also provide additional information and materials, including a complete statement of the witnesses'

3

opinions and basis and reasons therefor, the facts and data the witnesses relied upon, and the witnesses' qualifications, publications, and terms of compensation.  Fed. R. Civ. P. 26(a)(2)(B)(i) - (vi).  In contrast, "[d]isclosure of a non-retained expert 'must state: (i) the subject matter on which the witness is expected to present evidence ...; and (ii) a summary of the facts and opinions to which the witness is expected to testify.'"  *Gorrell,* 2013 WL 4517902, at *1 (quoting Fed. R. Civ. P. 26(a)(2)(C)).  Rule 26(a) disclosures "must be corrected 'in a timely manner if the party learns that in some material respect the disclosure ... is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.*  (quoting Fed. R. Civ. P. 26(e)(1)).

Under Rule 37(c), a party that "fails to provide information or identify a witness as required by Rule 26(a) or (e)" may not "use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1). *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.").  "The Advisory Committee Notes describe it as a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material....'" *Id*. (quoting Fed. R. Civ. P. 37 Advisory Committee's note (1993)).  "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc*., 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc*., 324 F.3d 851, 857 (7th Cir. 2003)). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or harmless."  *R & R Sails, Inc. v. Ins. Co. of Pa*., 673 F.3d 1240, 1246 (9th Cir. 2012).

Relevant here, the sanction of evidence exclusion is not mandatory under Rule 37(c)(1).

4

*See Bonzani v. Shinseki*, No. 2:11-CV-0007-EFB, 2014 WL 66529, at *3 (E.D. Cal. Jan. 8, 2014) (finding Rule 37(c)(1) exclusion sanctions are not mandatory, even when the insufficient disclosures are not substantially justified or harmless). A court's decision to exclude evidence is discretionary and the court is given "particularly wide latitude ... to issue sanctions under Rule 37(c)(1)." *Id*.

**Discussion**

    **A. Whether Plaintiff's Expert Disclosures Complied with Rule 26(a)(2)**

Plaintiff argues her expert witness disclosures complied with Rule 26 and, even if they did not, they were timely supplemented to the extent of "eliminating any possible prejudice." (Doc. 56 at 3).

Plaintiff's expert witness disclosures unquestionably were untimely and failed to comply with Rule 26. As to Plaintiff's retained expert witness (Dr. Jacqueline Nolan), although her identity was timely disclosed to Defendants pursuant to Rule 26(a)(2), none of the information required to be provided in connection with that disclosure pursuant to Rule 26(a)(2)(B)(i) - (vi) was provided until nine days *after* the period for taking expert discovery had closed. Although Plaintiff offers various explanations for why the delay was justified and harmless (discussed *infra*), she offers no persuasive argument that the disclosures were timely, compliant with Rule 26(a)(2), or that Defendants otherwise had the information required under Rule 26(a)(2) prior to the deadline to complete expert discovery.

Similarly, as for Plaintiff's non-retained experts, although their identifies were timely disclosed, Plaintiff's disclosures failed to include the information required under Rule 26(a)(2)(C). In her opposition, Plaintiff does not even acknowledge Defendant's argument that her non-retained expert witness disclosures failed to provide a summary of the facts and opinions to which the witnesses are expected to testify.

In *Green v. Qatar Airways Co*. (No. 2:19-cv-07950-SVW-MAA (C.D Cal. Nov. 13, 2020)), similar to Plaintiff here, the plaintiff disclosed several non-retained treating physicians with generalized summaries of anticipated testimony, including the necessity of the treatment provided and the need for future treatment. 2020 WL 9601990 at *2. The Court concluded the

5

1 summaries were deficient under Rule 26(a)(2).  The Court aptly noted that the disclosures "must
2 be enough information for the opposing party to identify whether it needs a responsive witness
3 and the information that such responsive witness would need to address."  *Id.* (internal quotation
4 and citation omitted).

5     Other courts similarly have found that cursory and general disclosures for non-retained
6 experts do not pass muster under Rule 26(a)(2).  For instance, in *Alfaro v. D. Las Vegas, Inc*. (No.
7 2:15-cv-02190-MMD-PAL (D. Nev. Aug. 24, 2016)), the Court concluded that the plaintiff's
8 Rule 26(a)(2)(C) disclosures for non-retained experts were "so generic, unhelpful, and boilerplate
9 they could apply to any [sic] virtually any case."  2016 WL 4473421, at *13.  Likewise, in *Pineda*
10 *v. City and Cnty. of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012), the Court, similar to
11 the *Alfaro* Court, found the plaintiffs' Rule 26(a)(2)(C) disclosures for their non-retained treating
12 physicians were inadequate.  Specifically, the disclosure broadly noticed anticipated opinion
13 testimony on the subjects of "causation, diagnosis, prognosis, [and] extent of [plaintiff's]
14 disability," without summarizing the facts or further elaborating the nature of the anticipated
15 opinions.  *Id*. at 523.

16     Like the Courts in *Green, Alfaro* and *Pineda*, this Court concludes that Plaintiff's non-
17 retained expert disclosures do not pass muster under Rule 26(a)(2)(C).  While the disclosures
18 sufficiently identify the subject matter of the anticipated testimony, they do not provide a
19 summary of the relied-upon facts or actual opinions as required by Rule 26(a)(2)(C).

20     **B.  Whether Plaintiff's Noncompliance with Rule 26 Warrants Sanctions**

21     Plaintiff argues that the sanction of exclusion under Rule 37 is not warranted because any
22 Rule 26 deficiency in her retained expert witness disclosure for Dr. Nolan was both
23 substantially justified and harmless.  As to justification, Plaintiff argues that any delay in
24 complying with Rule 26 is excusable because her expert was tardy in submitting her expert
25 report to Plaintiff -- in other words, Plaintiff argues she satisfies the "substantial justification"
26 prong of the Rule 37 inquiry because the delay in providing her expert report to the defense was
27 "completely beyond her control."  (Doc. 56 at 4-5).

28     Plaintiff's justification argument fails both legally and factually.  First, Plaintiff cites no

6

authority for the novel proposition that a party is substantially justified under Rule 37 in violating discovery orders and rules where a party-agent (here, an expert witness) purportedly is more culpable than the party (including its counsel) for the delay. *Cf. Yeager v. Yeager*, No. 2:06-cv-001196-JAM-EFB, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (noting that parties who voluntarily retain counsel are responsible for and cannot avoid the consequences of their counsel's acts and omissions) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.")).

Second, Plaintiff is flat wrong to proclaim that her failure to abide by discovery orders and rules was "completely beyond her control" given her expert witness's tardy provision to her of the discoverable expert report. To begin with, Plaintiff concedes that Dr. Nolan only examined her on January 15, 2025 (Doc. 56 at 2) -- four weeks after the deadline to disclose expert witnesses. Thus, Dr. Nolan's report was tardy not because she was unreasonably delayed in authoring it, but because Plaintiff unreasonably delayed coordinating or presenting herself for the examination that was the subject of the expert report.

Discovery opened when the case was scheduled on December 7, 2023. (Doc. 11). Following the filing of the first amended complaint, the period for taking discovery was extended. (Doc. 34). Relevant here, the date for making initial expert disclosures was continued to December 18, 2024. *Id*. Plaintiff offers no explanation for how or why -- given the Court's provision of a little more than one year for the parties to engage their expert witnesses -- she was unable to timely comply with this deadline. It was not until more than one month after the deadline to exchange initial expert disclosures that the parties sought relief of Court to resurrect the long-expired expert witness initial and rebuttal disclosure deadlines. *See* (Doc. 39). As the Court observed in denying that request for *nunc pro tunc* relief, such an unexplained delay is the antithesis of diligence (see Doc. 42 at 3-4). For the same reason, it is the antithesis of substantial justification under Rule 37, particularly given this Court's plain and early admonition in the scheduling order that a party's failure to timely comply with expert witness disclosures pursuant to Rule 26(a)(2) may result in exclusion of the expert's testimony.

*See* (Doc. 11 at 3-4 [exclusion sanction] & Doc. 34 at 2 [incorporating scheduling order's provisions]). *See also Capers v. One Beacon Ins. Co*, No. CV 07–95–M–DWM–JCL, 2008 WL 11347926, at *2 (D. Mont. June 30, 2008) (finding late disclosure of expert witness unjustified, "particularly in the face of clear notice that failure to comply with the expert disclosure rules could result in exclusion.").

As to harmlessness, Plaintiff argues this Court should consider whether the opposing party had sufficient opportunity to depose the expert, whether trial preparation was affected, and whether prejudice could have been avoided. (Doc. 56 at 5) (citing *Voyager Indemnity Ins. Co. v. Zalman N., Inc*., 668 F. Supp. 3d 990, 998-99 (C.D. Cal. 2023)). Plaintiff also points to the fact that Defendant failed to depose her expert witness as a separate basis to deny Defendant's motion to exclude. *Id*. (citing *Paulissen v. U.S. Life Ins. Co.*, 205 F. Supp. 2d 1120, 1125-26 (C.D. Cal. 2002)). Plaintiff argues that excluding her expert witness would be "ridiculous" given that trial is some six months away, thus yielding Defendant ample opportunity to conduct an expert witness deposition. Plaintiff separately argues that the sanction of exclusion would substantially prejudice her case given the importance of the expert's anticipated testimony concerning Plaintiff's non-economic damages. *Id*. at 6.

Excusing Plaintiff's late disclosure and permitting her to rely on Dr. Nolan's belatedly produced expert report and testimony would require significant modifications to the existing case management dates, including (1) reopening discovery to facilitate Defendants' deposition of Dr. Nolan and the parties' taking of discovery on any rebuttal expert Defendants would seek to notice; (2) resetting a schedule on non-dispositive motions in anticipation of any issues arising from the recommencement of expert discovery; and (3) resetting a schedule on dispositive motions -- notwithstanding the Court already has expending resources considering the parties' pending, fully-briefed motions for summary judgement -- to account for new expert discovery. Such disruption to the schedule that was established for this case more than six months prior to the deadline for making expert witness disclosures is not harmless. *See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) (affirming exclusion of plaintiff's untimely disclosed expert witness and noting late disclosure was not harmless because excusing

the Rule 26 failure would have required alteration of the trial schedule; "[d]isruption to the schedule of the court and other parties in that manner is not harmless."). Accord *Jarritos, Inc. v. Reyes*, 345 Fed. Appx. 215, 217 (9th Cir. 2009) ("Because the deadlines for disclosing experts and conducting expert discovery had passed, the court would have had to reopen discovery and extend the period for submitting rebuttal reports to avoid prejudice to the Restaurant. When the order establishing an expert disclosure deadline also sets a deadline for pretrial motions, we have held that '[d]isruption to the schedule of the court and other parties is not harmless,' even if, as here, 'the ultimate trial date was still some months away.'") (quoting *Wong*, 410 F.3d at 1062).

Although exclusion of Plaintiff's late-noticed expert witnesses undoubtedly will make it "more difficult, perhaps almost impossible" for Plaintiff to establish at trial her entitlement to certain damages, such a sanction is less than a dismissal and, thus, within this Court's "wide latitude" to order notwithstanding the absence of bad faith on Plaintiff's part. *See Yeti by Molly*, 259 F.3d at 1106. Specifically, Dr. Nolan is noticed to provide testimony only on the issue of noneconomic damages (*see* Doc. 56 at 6) and, thus, her exclusion will not prejudice Plaintiff in attempting to prove at trial Defendant's liability. Further, nothing in this order bars Plaintiff from calling the non-retained expert witnesses identified in her Rule 26(a) disclosures as percipient witnesses (albeit, limited to testifying about factual matters).

Separately, as noted above, Plaintiff fails to even acknowledge Defendant's arguments that Plaintiff's disclosure of her non-retained experts violated Rule 26(a)(2)(C) and she does not advance any independent reason why the disclosure deficiencies are either justified or harmless. Thus, exclusion of Plaintiff's non-retained expert witnesses is warranted. *See Green*, 2020 WL 9601990, at *3 (excluding improperly noticed non-retained experts where disclosure was neither substantially justified nor harmless); *Pineda*, 280 F.R.D. at 523 (same).

### C. Whether Good Cause Warrants Continuance of Trial

On June 5, 2024, following Plaintiff's filing of the first amended complaint, the parties filed an amended scheduling report in which they jointly requested a six-month continuance of the then-existing trial commencement date (March 18, 2025). (Doc. 33). The Court adopted

1 the parties' proposal and scheduled trial to commence on September 16, 2025. (Doc. 34).

2      On February 6, 2025, the parties filed a stipulated request to extend expert discovery and
3 non-dispositive motion deadlines, but did not seek an extension of the pretrial conference or
4 trial commencement dates. (Doc. 41). The following day, as discussed in more detail above,
5 the Court granted the parties' request only to the extent of extending the non-dispositive motion
6 deadlines. (Doc. 42).

7      Approximately three weeks later, Defendant filed the instant motion to exclude Plaintiff's
8 expert witnesses and included therein a request to continue trial for at least 120 days (through
9 and including February 2, 2026). In support thereof, counsel for Defendant attests that good
10 cause exists for the requested extension of trial dates because (1) he received notice from the
11 Superior Court for San Bernardino County on February 6, 2025, that trial of an unrelated action
12 in which counsel is involved was continued to September 22, 2025 (thus potentially conflicting
13 with trial of this action), and (2) Defendant's witnesses are "universally unavailable to testify
14 from November through January due to their peak retail season business operations." Narang
15 Dec. ¶¶ 8-9. Plaintiff opposes the requested continuance. *See* (Doc. 56 at 6-7).

16      The Court will deny Defendant's request to continue the dates set for pretrial conference
17 and trial. The dates adopted by the Court for pretrial conference and trial were set more than
18 nine months ago at the parties' joint request. *See* (Docs. 33, 34). Counsel for Defendant offers
19 no explanation for why, when he "received an order" on February 6, 2025, that the state court
20 trial in which he is involved was moved to September 22, 2025, he did not make a filing in the
21 state court action noticing that court as to the preexisting trial conflict in this action; counsel
22 likewise fails to explain why he waited approximately three weeks before seeking relief in this
23 Court. As the requesting party, Defendant has the burden of demonstrating good cause to
24 continue trial and has failed to do so.

25 ///
26 ///
27 ///
28

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED that Defendant's motion to exclude Plaintiff's expert witnesses and for trial continuance (Doc. 49) is GRANTED IN PART and DENIED IN PART to the following extent:

1. Plaintiff shall be precluded from presenting the testimony of the retained and non-retained experts identified in her initial and supplemental Rule 26(a)(2) disclosures (Docs. 50-1, 50-3); and

2. The pretrial conference is confirmed for July 21, 2025, and trial is confirmed for September 16, 2025 (*see* Doc. 34).

IT IS SO ORDERED.

Dated:   **April 8, 2025**                                   _____
                                                              UNITED STATES MAGISTRATE JUDGE